SCANNED at BCF and Emailed on
10-25-23 by CM - 4 pages.
(date)  (initials)  (num)

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

SEAN STRONG (136111)

VS                                    CASE NO. 3:23-cv-00179-RLY-CSW

INDIANA DEPARTMENT OF CORRECTION

BRANCHVILLE CORRECTIONAL FACILITY

ARAMARK

WARDEN (DANNY MITCHELL)

PRODUCTION SUPERVISOR (ROCHELLE SMITH)

FOOD SERVICE DIRECTOR (MS. GOAD)

FLOOR MANAGER (ANGIE BRENHAM)

> **FILED**
> 10/25/2023
> U.S. DISTRICT COURT
> SOUTHERN DISTRICT OF INDIANA
> Roger A.G. Sharpe, Clerk

A. I am filing this under (*42 U.S.C. 1983*) On **March 29, 2023** at **4:45 p.m.** I was working performing my duties. I slipped and fell there was excessive moisture on the floors, and no wet floor signs. There were no slip proof mats where I was stationed to work at by the diet cook, and regular food cookers, and on the lines where trays are passed out at on the floors where inmates are servers. I already had leg injuries I am handicapped this falls under (*Rehabilitation Act and Americans with Disabilities Act*). **I also have a disability I have been walking with a cane for 21 years.** I'm not provided fire resistance aprons (**We are only provided with thin white plastic aprons that are not heat, and fire resistant see video-footage on March 29, 2023**). There has been no slip proof mats on these floors where the diet cooks prepare and where the regular meals are cooked for months since I've worked there, and before my employment. The staff knew about this on **March 29, 2023** I slipped and fell inside the kitchen that's under "Aramark Correctional Services due to the fact that there was extreme moisture on the floors that had no slip-resistant mats on the floors by diet cooks. Basically nowhere we prepared food at, and no wet-floor signs were put up to warn me or any other workers that floors were wet and slippery. The exhaust fans that would have eliminated some of the moisture was broken in this kitchen. "Ms. Goad, Ms. Smith, Ms. Brenham", and Aramark were all aware of this. (*See Ward vs KY State Reformatory 2010 U.S. District 94149*) So when I slipped and fell in the kitchen at **Branchville Correctional Facility, a signal "3000"** was called over radio by staff at 04:46 p.m. on **03/29/2023** and the Branchville Correctional Facility medical staff arrived to the kitchen. I was helped off the floor and I sat down in a wheel-chair in severe pain in my back, leg, and ankle, and foot. I was then transferred to medical in **Branchville Correctional Facility** where the medical treatment inadequate, and the medical facility is in adequate. I suffered a small abrasion to my right forearm that was cleansed and covered with gauze and bandage. I

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

also suffered abrasions to my left knee that caused extreme pain and suffering, and swelling. I had extreme swelling on my right and left knee because of the fall where there was excessive moisture on floors that had no slip-resistant mats on the floor. No wet-floor signs to prevent these falls and injuries from happening, I had notified staff earlier that day this was the **2nd time that I slipped and fell.** (*See Harrington vs Aramark LLC 2013 U.S. District 22647*) (*42 USCS (b) Compensatory and Punitive Damages*)

B. The **Branchville Correctional Facility** has forced labor at their facility under policy and procedure "**Adult Disciplinary Process**". Which means that it is a class **"C" conduct report code #356 violation.** Which states that if you refuse to work or accept a work, program or housing assignment or unauthorized absence from any work or program assignment or unauthorized absence from any work or program assignment (*8th Amendment Cruel and Unusual Punishment*) **"You will be written up, and escorted to segregation for 2 hours, and lose privileges for up to 15 days segregation if found guilty, and that would not be good for C.P.C.T. case plan credit time. See the Disciplinary Code for Adult Offenders "02-04-101, page 40".**

C. **Branchville Correctional Facility**, and the **Indiana Department of Correction**, and Aramark Correction Services, and Aramark staff at Branchville Correctional Facility (**Ms. Goad, Ms. Smith, and Ms. Brenham**) all have **violated the Indiana Occupational Safety and Health Act of 1974, and Indiana code 22-8-1.1 willingly and intentionally.** By not maintaining conditions of work environment which are reasonably safe and healthful for employees so that I'd be free from "**Recognized Hazards**" (*8th Amendment*). That are caused or (**causing**) or likely to cause death or serious physical harm to employees in the kitchen like moisture, no-slip- resistant floor mats, and no wet floor signs out when there is moisture or floors are slippery and wet. The act further requires that employees (**Aramark, Ms. Goad, Ms. Smith, and Ms. Brenham**) should comply with **Occupational Safety and health Standards, Rules and Regulations.** Employees (**Ms. Goad, Ms. Smith, and Ms. Brenham**) of Aramark at the Branchville Correctional Facility should have complied with **Occupational Safety and Health Standards** and all rules. Regulations and orders issued under the Act which are applicable to their own actions and conduct. (**See the "IOSHA" Act of 1974, Indiana code 22-8-1.1**). If these people would have followed the Indiana **Occupational Safety and Health Act of 1974, and Indiana Code 22-8-1.1**, and got slip-resistant floor mats, and used wet floor signs, and fixed the exhaust fans. (*42 USCS (b) Compensatory and Punitive Damages*) I wouldn't have gotten injured or fell, and I wouldn't be in pain, and I would be suffering, and not need ongoing treatment. These individuals (**Branchville Correctional Facility, Aramark Correctional Services, and Aramark employees (Ms. Goad, Ms. Smith, Ms. Brenham)** all had an opportunity to bring possible safety and health violations to the attention of the **Department of Labor Inspector**. In order to aid the inspection to try to fix a problem (**no-slip resistant mats, and fixing the exhaust fans**). (*42 USCS 1981 Equal Rights Under The Law*) They all turned a blind eye to this problem and let it go and continue, and

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

refused to correct these recognized hazards that caused my injuries pain and suffering, and intentional infliction of emotional distress, and interfered with my daily activities (**job, wages, exercise sleeping, and programs**). I have medical records, and reports of my injuries, and I was given a boot for my serious injuries because of there was no slip resistant floor mats. On the day that this incident happened Aramark employee (**Angie Brenham**) worked in the kitchen, and was aware that the exhaust fans were broke. She was aware of the moisture and slippery floors that had no slip-resistant mats, and no wet floor signs out that day I was injured. (**See camera footage on 3/29/2023**) **on my shift (9:30 a.m. to 6:30 p.m.**), and you will see that she left in a hurry right after I fell down and injured myself. Because she knew that Aramark and staff who worked for Aramark in this kitchen is responsible for my injuries. I was also transferred to "**Perry County Memorial Hospital**" because of my serious injuries, and for **X-Rays.** I got prescribed medication for my pain and suffering from the slip and fall in the kitchen. (**See "Perry County Memorial Hospital Nurse Notes**). Indiana has adopted as its own all federal occupational safety and health standards see **I.C. 22-8-1.1-13.1**. In addition the General Assembly has mandated that every employer furnish employment that is safe, furnish and use **safety devices, safeguards, methods, and processes**. Which are reasonably adequate to render employment and a place of employment safe, and do every other thing reasonably necessary to protect the safety of the employee (**I.C. 22-1-1-10**).

D. **OSHA** has been construed to apply only to the immediate employer of an injured employee. The **Indiana Department of Correction** and **Branchville Correctional Facility, and Aramark Services** have a direct contract relationship with one another, so they all had a duty to insure so far as possible. To maintain safe and healthful working conditions for workers inside the kitchen where I worked, and in the facility where I'm presently incarcerated. For these highly relevant reasons I should be rightfully compensated for my pain and suffering, injuries, gross negligence, and violation of **IOSHA**, and violation of Indiana code **22-8-1.1**. The intentional infliction of emotional distress, and ongoing treatment, and **loss of wages** due to the fact of being **fired (RECLASSED)** for speaking out about my injuries. They won't even give me **IDLE PAY** I can't even take care of myself and get basic hygiene I am seeking **punitive damages** in the amount of **$1,000,000 and Compensatory damages in the amount of $300,000**.

E. My case deserves to be heard in **Federal Court** because the actions and omissions of these employees that caused this are. Clearly outside the scope of the employees employment, **malicious, willful**, and wanton or calculated to benefit the employees personally. The serious injuries, pain and suffering, and gross negligence, and ongoing treatment, and intentional infliction of **emotional distress**, and violation of (**I.C. 22-8-1.1**) was approximately caused by these breach of job duties in the **Indiana Occupational Safety and Health Act of 1974**. Because each employer shall establish and maintain conditions of work which are reasonably safe and healthful for employees.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

Free from recognized hazards that are causing or likely to cause death or serious physical harm to employees. These defendants participated directly in the alleged constitutional violations. The defendants after being informed of the violation through a **report or appeal**, failed to remedy the wrong. The defendants that participated directly in the alleged **constitutional violation**. The defendants after being informed of the violation through a report or appeal, failed to remedy the wrong. The defendants created a policy or custom under which **unconstitutional practices** occurred or allowed the continuance of such a policy or custom. The defendants were grossly negligent in supervising subordinates who committed these **wrongful acts**. The defendants exhibited **deliberate indifference** to the right of inmates by failing to act on information indicating that **unconstitutional acts** were occurring.

1. See Medical Records of my injuries attached as (**Exhibit A**)
2. See grievances done at the facility done as (**Exhibit B**) exhausted all remedies
3. See "Perry County" Memorial Hospital nurse notes attached as (**Exhibit C**)
4. See my bottom bunk pass due to my injuries, knee brace, ace bandage, and walking boot from 04-27-2023 to 5-25-2023 as (**Exhibit D**)
5. See My Ultra Sound from Perry County Hospital as (**Exhibit E**)
6. See Offender Evaluation and Performance Report State Form 3380R as (**Exhibit F**)
7. See *Report of Classification Hearing State Form 3412* (*R6 / 8-12*) as (**Exhibit G**)
8. See IOSHA Guidelines as (**Exhibit H**)

**RESPECTFULLY SUBMITTED BY:** _[signature]_      DATE: 10-25-23